## GLEASON v SQUIRES

Ohio Appeals, 5th Dist, Morrow Co

No 285.

LEMERT, J.

The sole question in this case is a question of law. The court below having found: "Under the facts and circumstances of this case the court is of the opinion that after one of the two joint owners of the property entered into an agreement of this character and the defendants have acted upon and complied with the terms of the agreement, it would be inequitable to now enjoin the defendants, notwithstanding the plaintiffs are entitled to the use of this lane as a means of ingress and egress to and from their premises, the defendants are also entitled to the use of their land and as no partition fence is maintained along the westerly side of this lane the only way in which the defendants can secure the use of their land is by the erection of this gate."

It will be noted by the above holding and finding that the court below, in substance, held that where one of two joint owners or tenants in common entered into an agreement as to their land or lands, by so doing binds the other co-tenant. As a proposition of law, we do not so believe that to be a correct statement of the same. We believe it to be an elementary proposition of law that when lands are conveyed to husband and wife jointly, they take as tenants in common:

**45 Oh St., 152,** and that as such tenants in common, the husband and wife have certain obligations, liabilities and duties each to the other: **47 Oh. St, 442,** and that, as tenants in common, they are placed in a confidential relation to each other by operation of law and are bound to put forth their best effort to protect the common property, regardless of whether the property is acquired by descent or purchase. The obligation of the tenants in common would be the same, and that one joint tenant cannot bind the other, or others, except for necessary repairs, or taxes, etc. ,

We do not believe that one co-tenant can bind the other in an agreement which would make ingress and egress to and from their property more difficult, and by so doing

might thereby lessen the value of their property. And, it might be noted in the instant case, that if the defendants were permitted to erect and maintain the gate in question, that after the lapse of the statutory period they might thereby gain title to the strip of land over which the plaintiffs now have their easement, and thereby by the lapse of time acquire title to said easement to the prejudice of the plaintiffs herein.

It, therefore, follows that there will be a finding for the plaintiffs, and injunction will be made perpetual as prayed for in the petition, with costs against defendants.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.